UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LELAND CORTEZ,

                Plaintiff,

-against-

MATTHEW MILLS; GRANBURY POLICE DEPARTMENT HOOD COUNTY,

                Defendants.

1:22-CV-6952 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Leland Cortez, of Granbury, Hood County, Texas, brings this *pro se* action under the Court's federal question jurisdiction. He sues: (1) Matthew Mills, the County Attorney for Hood County, Texas[1]; and (2) the Granbury (Hood County, Texas) Police Department. Plaintiff seeks $2,900,0000 in damages, as well as a "full accountability apology." (ECF 1, at 6.) For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Texas.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides

---

[1] Plaintiff mistakenly refers to Mills as a "District Attorney." (ECF 1, at 4.)

in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to his claims, including his arrest and detainment, occurred on March 14, 2021, in Granbury, Hood County, Texas. (ECF 1, at 5.) He does not specifically plead the residence of either defendant, but it appears that they both reside in Hood County, Texas. Because the events giving rise to Plaintiff's claims occurred in Hood County, Texas, and because the defendants appear to both reside there, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Hood County, Texas, which is in the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). Accordingly, venue lies in the United States District Court for the Northern District of Texas, *see* § 1391(b)(2), and in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 19, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge